Case 5:11-cv-00934-C   Document 111   Filed 06/17/13   Page 1 of 7

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL D. LEATHERWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-11-934-C |
| | ) | |
| DENISE WELKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In May of 2009, Plaintiff was convicted of crimes in state court in Oklahoma. As a result of that conviction, he was placed on probation which was supervised by the Oklahoma Department of Corrections and a probation and parole officer, Defendant Welker. During the course of her supervision of Plaintiff, Defendant Welker came to suspect that Plaintiff had violated various conditions of his probation. As a result, Defendant Welker sought and received permission to conduct a warrantless search of Plaintiff's home. During that search, firearms were found. As a result, Plaintiff was charged in federal court with being a felon in possession of a firearm. In the federal court criminal proceeding, Plaintiff filed a motion to suppress, arguing that the search was unconstitutional. On November 20, 2009, the Honorable Vicki Miles-LaGrange held a suppression hearing in the federal criminal action. On December 1, 2009, Judge Miles-LaGrange granted Plaintiff's motion to suppress, finding that the warrantless search of his residence did not comply with Fourth Amendment protections. Plaintiff then filed the present 42 U.S.C. § 1983 action naming as Defendants

various employees of the Oklahoma Department of Corrections Probation and Parole Division who had participated in either the search or the decision to conduct the search.

Defendants have now filed a Motion for Summary Judgment, arguing that the undisputed material facts demonstrate they are entitled to qualified immunity and therefore Plaintiff's claims against them should be dismissed. Plaintiff objects, arguing that Defendants are not entitled to qualified immunity, as he has demonstrated that there was no reasonable suspicion to give rise to the search and therefore it was invalid and violative of his Fourth Amendment rights.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary

materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## **DISCUSSION**

When a defendant asserts a claim of qualified immunity, that governmental official is immune from suit unless the plaintiff can demonstrate that a constitutional violation has occurred and that the constitutional right at issue was "clearly established" at the time of the government actor's misconduct. Pearson v. Callahan, 555 U.S. 223, 231-32 (2009). In the context of the summary judgment process, the qualified immunity defense changes the process somewhat. Once a defendant asserts a claim of qualified immunity, the burden shifts to the plaintiff to show that (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established. Koch v. City of Del City, 660 F.3d 1228, 1238 (10th Cir. 2011), cert. denied, ___ U.S. ___, 133 S.Ct. 211 (2012). Only if the plaintiff satisfies this two-part test does the defendant then bear the traditional summary judgment burdens of showing the lack of genuine issues of material fact and that he or she is entitled to judgment as a matter of law.

Neither party disputes the fact that Plaintiff has a Fourth Amendment right to be protected in his home from an unreasonable search and seizure. Although Defendants spend some portion of their brief discussing the question of whether or not this right was clearly established, the Court finds little support in their suggestion that the law was undecided on that issue. Rather, the issue is a factual question -- did reasonable suspicion exist based on the facts known to Defendant Welker and the members of the committee such that the warrantless search did not infringe on Plaintiff's Fourth Amendment rights.

As noted above, Judge Miles-LaGrange has previously determined in the criminal case that a reasonable suspicion did not exist. See Order, United States v. Leatherwood, Case No. CR-09-314-M (W.D. Okla. Dec. 1, 2009), Dkt. No. 60. As Defendants note, this determination is not dispositive. Because the Defendants here were not parties in the criminal prosecution, they are not estopped by that Order. Novitsky v. City of Aurora, 491 F.3d 1244, 1252 n. 2 (10th Cir. 2007). Nevertheless, the Court finds Judge Miles-LaGrange's analysis of the evidence presented at the suppression hearing helpful, as it is the same evidence that Defendants now rely on to argue the search was based on reasonable suspicion.

Defendants cite a litany of facts on which Defendant Welker reportedly relied in making her decision that reasonable suspicion existed to permit a warrantless search. However, as Plaintiff notes, Defendant Welker's current explanation varies greatly from her testimony at the suppression hearing and the report she prepared immediately prior to the search. In that report, Defendant Welker only gave two reasons for the search – a phone call

on July 27th and an e-mail on September 7th.  The Court finds that the basis for the search is limited to the two factors to which Defendant Welker previously testified and which were outlined in the report prepared prior to the search.[1]

As Defendants note, the issue of reasonable suspicion is somewhat different in this case, as it is a probation and parole case.  In defining "reasonable suspicion" in the Fourth Amendment context in a probation case, the Tenth Circuit stated, "[a]s a result, a probation search will satisfy the Fourth Amendment if it was 'carried . . . out pursuant to state law which itself satisfies the Fourth Amendment's reasonableness requirement.'"  United States v. Carter, 511 F.3d 1264, 1268 (10th Cir. 2008) (quoting United States v. Lewis, 71 F.3d 358, 361 (10th Cir. 1995)).  The Tenth Circuit has held that the Oklahoma Probation and Parole Manual complies with the reasonableness standard of the Fourth Amendment in United States v. Cantley, 130 F.3d 1371, 1375 (10th Cir. 1997).  Thus, the Court will focus on whether or not at the time the decision to search Plaintiff's residence was made, the undisputed material facts demonstrate reasonable suspicion existed under the terms of the governing policy.

The policy requires a conference to be held with the appropriately designated persons.  Clearly that conference was held.  The conference committee is then to consider seven distinct criteria.  In their summary judgment brief, Defendants go through each of the criteria

---

[1] Even if the Court were to consider all the issues raised by Defendants in their summary judgment motion, the outcome in this case would not change, as each of the other purported factors suffers from the same flaws as the two issues outlined by Defendant Welker.

and outline the evidence they argue supports the search under each. According to Defendants, each criteria indicated a need for an immediate and warrantless search. Of course, as Judge Miles-LaGrange noted in her Order, and as the Court now finds based on the evidence presented, questions of fact exist on whether there was an immediate need. Indeed a reasonable jury could find that much of the evidence on which Defendant Welker purportedly relied in making her decision to conduct the warrantless search was several weeks, if not months, old. These facts coupled with the fact that less than a week prior to the search, Defendant Welker issued a travel permit, permitting Plaintiff to travel out of state in a vehicle where Defendant Welker had been informed a weapon was carried, could lead a jury to conclude that any belief that Plaintiff posed a threat was not well founded. Thus, the Court finds questions of fact remain on whether the decision of Defendant Welker and the members of the committee that the failure to search Plaintiff's home would result in a threat to the public, employees or the offender, was reasonable. In short, questions of fact remain on the immediate need for the search.

Further, the Court finds questions of fact exist on whether Defendant Welker could have reasonably relied upon much of the informant information as its indicia of reliability was very insignificant. Certainly a jury could find that much of the information provided was coming to Defendant Welker either third- or fourth-hand and with at best minimal grounds for Defendant Welker to substantiate the truthfulness of the statements. Likewise, a jury could find that Defendant Welker's reliance upon information received in telephone calls and/or e-mails could not provide the basis for reasonable suspicion, as that information

was presented without any indicia of the time when the violations had allegedly occurred. Whether or not Defendant Welker undertook appropriate action to determine whether the alleged violative act had occurred after Plaintiff's conviction is in dispute. Finally, considering the significant length of time which passed between Defendant Welker obtaining certain information and the final decision to conduct the search, a jury could find any reliability that may have existed was diminished and certainly any urgency which would have prevented obtaining a warrant no longer existed. Thus, questions exist on whether the information was reasonably reliable.

The relevant policy is clear that the warrantless search can occur only if all criteria are satisfied. Thus, even when measured against the relatively minimal standard for reasonable suspicion which exists in probation and parole cases, the Court finds questions of fact remain on the reasonableness of the committee's determination that a need existed for a warrantless search. Accordingly, Defendants' Motion for Summary Judgment will be denied.

Based on the evidence before it, the Court finds that questions of material fact remain regarding the existence of reasonable suspicion. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 80) will be denied.

IT IS SO ORDERED this 17th day of June, 2013.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge